# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## ON MOTION FOR REHEARING

---

## NO. 03-22-00189-CV

---

### S. W., Appellant

### v.

### Texas Department of Family and Protective Services, Appellee

---

### FROM THE 20TH DISTRICT COURT OF MILAM COUNTY
### NO. CV40326, THE HONORABLE JOHN YOUNGBLOOD, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

After considering Appellee's motion for rehearing and Appellant's response, we grant rehearing; withdraw our previous opinion and judgment issued on August 31, 2022; and substitute the following opinion in its place. We make no ruling on the motion for en banc reconsideration as it is moot.

In this appeal, S.W. (Mother) complains of the trial court's order terminating her parental rights to her children, arguing that (1) the trial did not make the findings necessary for an extension of the statutory one-year dismissal deadline, *see* Tex. Fam. Code § 263.401; and (2) the termination order included a statutory ground that was not submitted to the jury and not established by the Texas Department of Family and Protective Services (the "Department"). Because the trial court timely made the necessary findings for extending the dismissal deadline

but erroneously included the waived statutory ground in its final Order of Termination, we modify the trial court's order and affirm the judgment as modified.

## APPLICABLE LAW

Section 263.401(a) provides that unless the trial court begins the trial on the merits or grants an extension by the first Monday after a year from the date the court rendered its order appointing the Department as temporary managing conservator, the trial court's jurisdiction over the case "is terminated and the suit is automatically dismissed without court order." Tex. Fam. Code § 263.401(a). As applicable here, the court cannot retain the suit past the one-year deadline unless it "finds that extraordinary circumstances necessitate the child remaining in the temporary managing conservatorship of the department and that continuing the appointment of the department as temporary managing conservator is in the best interest of the child." *Id*. § 263.401(b). A trial court "shall find" extraordinary circumstances necessitating an extension if (1) a parent has made good-faith efforts to complete their service plan but needs additional time and (2) the court intends to order the child to be returned to the parent upon their completion of their service plan. *Id*. § 263.401(b-3).

## FACTUAL SUMMARY

The Department filed its petition for protection of a child on August 6, 2020, and the trial court signed an order naming the Department as temporary managing conservator on August 7, making the dismissal deadline August 9, 2021. *See id*. § 263.401(a). On April 16, 2021, the trial court signed a Permanency Hearing Order that states:

> [E]xtraordinary circumstances necessitate the children remaining in the temporary managing conservatorship of the Department and that continuing the appointment of the Department as temporary managing conservator is in the best interest of the

2

> children, and extension of not more than 180 days should be granted due to extraordinary circumstances, the case should be retained on the Court's docket and a new dismissal date should be scheduled and the suit should be set for final hearing on a date that will allow the Court to commence the trial on the merits before that automatic dismissal date.

This portion of the Order appears to have been made without a request from a party. The April 2021 Permanency Hearing Order lists the original dismissal date; it does not set a new date for trial or otherwise indicate to when the original dismissal date was extended.

In June 2021, the trial court held a permanency hearing, during which the Department caseworker testified that the parents were making good progress on their services but that there were concerns because their "drug tests are up and down." The caseworker testified that the week before the hearing, she had requested that the parents get new prescriptions "so that I know what it is that they are taking" and that they take hair follicle tests but "as of this morning that has not been done." She testified that until the parents had "a month or two" of negative drug tests, the Department recommended against a monitored return to the parents. She said that the parents had been cooperative and communicative and that they "did really well" in the visitation that the caseworker witnessed. During her testimony, the case worker said that the one-year deadline was approaching and that the Department "is asking for an extension that would give us another six months."

At the conclusion of the hearing, the Department's attorney said, "Judge, we need an extension too." The trial court responded, "Yes, I will grant the extension in this case. It would appear that we are making progress which I'm very glad to hear and I don't mind granting the extension at all." The court then discussed when the parties could attend an August permanency hearing and stated, "All right, extension granted. Current placement will continue.

3

I'm writing in the issues we need to get addressed. I say I'm writing to get in it in [sic], I'm looking for an appropriate space for it. I will stick it somewhere." None of the attorneys objected to the extension, and the trial court, after saying it was "pleased with the progress" shown by the parents and encouraging them to "keep up the good work," signed an order stating, "Extension granted," but also stating that the dismissal date was August 9, 2021,[1] and that the suit would be set for a trial on the merits on August 13, 2021. Unlike the earlier April 2021 order, which included the subsection (b) findings of extraordinary circumstances and best interest, the June 2021 permanency order did not include any language expressly restating the findings required by subsection (b). However, the June 2021 order did contain the following language:

> **IT IS ORDERED** that all previous orders issued by this Court shall continue without modification.

On January 26, 2022, the trial court signed an Order Extending Dismissal Date, setting a new dismissal date of April 1, 2022, in accordance with the Texas Supreme Court's Forty-Seventh Emergency Order. *Forty-Seventh Emergency Order Regarding COVID-19 State of Disaster*, No. 22-9005, 2022 WL 175669, at *2 (Tex. Jan. 19, 2022). A jury trial was held on March 21 through March 25, 2022, and culminated with both parents' rights being terminated.

## DISCUSSION

Mother argues that the trial court lost jurisdiction automatically on August 9, 2021, because it did not make the subsection (b) findings when it granted the Department's

---

[1] The new dismissal date of February 5, 2022 was subsequently referenced in the September 20, 2021 Permanency Report.

4

requested extension at the June 2021 permanency hearing. Mother also contends that the district court erred by including a finding under subsection (P) as a statutory ground in support of termination in its final order when that specific statutory ground was not submitted to the jury. We address each in turn.

*Initial Dismissal Extension Challenge*

Appellate courts generally try to uphold trial court grants of subsection (b) extensions. *See, e.g., In re G.X.H.*, 627 S.W.3d 288, 299 (Tex. 2021); *In re O.O.*, No. 13-21-00411-CV, 2022 WL 1559725, at *8 (Tex. App.—Corpus Christi-Edinburg May 17, 2022, pet. denied) (mem. op.); *In R.J.R.*, No. 04-21-00246-CV, 2021 WL 5813827, at *2 (Tex. App.—San Antonio Dec. 8, 2021, pet. denied) (mem. op.); *In re P.Z.F.*, 651 S.W.3d 147, 152–53 (Tex. App.—Dallas Sept. 2021, pet. denied). The Department caseworker stated in the June 2021 hearing that the Department was asking for an extension of the dismissal deadline for 180 days to February 2022, and the trial court stated that it was granting the extension. However, Mother is correct that the two subsection (b) findings must be made for a court to retain jurisdiction through a subsection 263.401(b) extension. *In re G.X.H.*, 627 S.W.3d at 298–99.

In this case, the trial court made the requisite findings under subsection (b) in its April 16, 2021, Permanency Hearing Order when it expressly found "that extraordinary circumstances necessitate the children remaining in the temporary managing conservatorship of the Department and that continuing the appointment of the Department as temporary managing conservator is in the best interest of the children, and extension of not more than 180 days should be granted due to extraordinary circumstances." *See* Tex. Fam. Code § 263.401(b). Although the transcript of the April 16, 2021 hearing has not been included in the record on appeal, we

presume that the evidence presented at the hearing supports the trial court's findings as to extraordinary circumstances and best interest. *See In re G.X.H.*, 627 S.W.3d at 299; *see also id.* at 300 (stating that parents challenging dismissal date extension have burden to present record demonstrating lack of evidence supporting necessary findings); *see also* Tex. Fam. Code § 263.401(b-3).

Additionally, the trial court reconfirmed its extension at the June 2021 hearing, which the trial court memorialized by writing "[e]xtension granted" on the June 18, 2021 Permanency Order. That June 2021 Order also expressly provided that the April 16, 2021 Hearing Order—a "previous order issued by" the trial court—"continue[d] without modification." Taken together, the subsection (b) extension granted by the trial court in June 2021 is supported by the necessary factual findings made by the trial court in its earlier April 16, 2021 order. *See In re G.X.H.*, 627 S.W.3d at 299 (providing that subsection (b) findings may be made either "orally on the record *or in some other writing*" (emphasis added)); *see also A.N. v. Texas Dep't of Fam. & Protective Servs.*, No. 03-22-00099-CV, 2022 WL 3638211, at *2 (Tex. App.—Austin Aug. 23, 2022, no pet. h.) (mem. op.) (stating that extension order should be interpreted by its plain meaning).

Although the April and June 2021 Orders incorrectly list "August 9, 2021" as the dismissal deadline, a scrivener's error in the written orders do not change that the trial court properly extended the dismissal deadline when it granted the extension in the April 2021 hearing, sua sponte with the subsection (b) findings, and during the June 2021 hearing when it stated on the record that the extension was granted, wrote "extension granted" in the Order, and incorporated the April 16, 2021 Order. *See* Tex. Fam. Code § 101.026 (permitting trial court to render orders orally in presence of the court reporter); *see also P.R.M. v. Texas Dep't of Fam. &*

*Protective Servs.*, No. 03-16-00065-CV, 2016 WL 4506301, at *3 (Tex. App.—Austin Aug. 26, 2016, no pet.) (mem. op.) (explaining that later signed written order "merely memorializes" ruling rendered orally).  Furthermore, the trial court still retained jurisdiction over the case even if we assume the trial court erred by failing to expressly include the new dismissal date in the April or June 2021 orders.  *See* Tex. Fam. Code § 263.401(b)(1) (requiring trial court to render an order scheduling new automatic dismissal date "if the court retains the suit on the court's docket"); *see also In re G.X.H.*, 627 S.W.3d at 301 (concluding that "claimed defects relating to the other requirements of 263.401(b)"—including setting new dismissal date—are not jurisdictional).  Because the district court made the necessary predicate findings pursuant to subsection 263.401(b) to maintain jurisdiction of the case beyond the initial dismissal date, the termination order is not void.  *See In re G.X.H.*, 627 S.W.3d at 298–301.

*Additional statutory ground*

Mother also contends that the trial court erred when it included a subsection (P) finding as a statutory ground supporting termination when that specific ground was not submitted to the jury.  *See* Tex. Fam. Code § 161.001 (b)(1)(P).  Although the Department alleged subsection (P) as a statutory ground supporting termination in its original petition, that specific statutory ground was not submitted to the jury in the charge, and the Department did not object to its omission.  But subsection (P) was still included in the final Order of Termination.[2] The Department agrees that the trial court erred by including an erroneous ground in the final order.

---

[2] The trial court entered an agreed order that struck paragraphs concerning two other statutory grounds (Subsections (K) and (N)) from the Order of Termination but left the Subsection (P) finding unaltered.

This Court is authorized to modify errors when we have the necessary information to do so. *See* Tex. R. App. P. 43.2(b) (authorizing appellate court to modify trial court's judgment and to affirm it as modified). When subsection (P) was not submitted to the jury without objection, the Department waived that ground. *See* Tex. R. Civ. P. 279 ("Upon appeal all independent grounds of recovery or of defense not conclusively established under the evidence and no element of which is submitted or requested are waived."); *see also DiGiuseppe v. Lawler*, 269 S.W.3d 588, 598 (Tex. 2008). We therefore modify the district court's Order of Termination to delete the finding under subsection 161.001(b)(1)(P) of the Texas Family Code. *See* Tex. R. App. P. 43.2(b).

## CONCLUSION

We affirm the judgment as modified. *See* Tex. R. App. P. 43.2(b).

_____

Darlene Byrne, Chief Justice

Before Chief Justice Byrne, Justices Triana and Smith

Modified and, as Modified, Affirmed, on Rehearing

Filed: November 4, 2022